**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **PRESTON ZIMMERMAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ELSO INC,** | § | |
| | § | |
| **DOES 1 TO 25,** | § | |
| | § | |
| **Defendants.** | | |

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant ELSO Incorporated ("Defendant" or "ELSO") files this Notice of Removal of Cause No. 2024-27958 filed by Plaintiff Preston Zimmerman ("Plaintiff") in the 113th Judicial District Court of Harris County, Texas, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. In support of removal, Defendant respectfully shows the Court the following:

### I.   INTRODUCTION

1.      On or about April 29, 2024, Plaintiff Preston Zimmerman initiated this action, captioned *Preston Zimmerman v. ELSO Inc and Does 1 to 25*, in the 113th Judicial District Court of Harris County, Texas, by filing Plaintiff's Original Petition ("Original Petition"). The District Court designated Plaintiff's action as Cause No. 2024-27958. *See* Plaintiff's Original Petition attached hereto as **Exhibit C-1**.[1]

2.      In the Original Petition, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") , 42 U.S.C. §§ 2000e-2, Chapter 21 of the Texas Labor Code, § 21.051

---

[1] In accordance with LR81, an index of all matters being filed, is attached hereto as **Exhibit A**. A list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached hereto as **Exhibit E**.

*et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, as well as claims for intentional infliction of emotional distress and defamation under common law. *See* **Exhibit C-1**.

3. A copy of the state court docket is attached as **Exhibit B**. A Certified copy of each document filed in the state court action is attached as **Exhibit C, C-1**.

## II. JURISDICTION

4. This Court has original jurisdiction over Plaintiff's federal law claims. The United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff's Petition asserts civil claims arising under the laws of the United States, specifically Title VII and the ADA. *See* Original Petition ¶¶ 35, 38, 40, and 49. Thus, this case falls within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

5. Relatedly, this Court has supplemental jurisdiction over Plaintiff's related state law claims. Where a United States District Court has original jurisdiction over at least one of the claims in a case, the Court also has supplemental jurisdiction over any additional claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This requirement is satisfied where the claims "derive from a common nucleus of operative fact." *Halmekangas v. ANPAC La. Ins. Co.*, 603 F.3d 209, 293 (5th Cir. 2010). Here, Plaintiff's federal and state claims all derive from a common nucleus of operative fact arising from Plaintiff's employment with ELSO. Indeed, Plaintiff relies on the same set of alleged facts to support all claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiffs claims form part of the same case and controversy.

6.      Separately, this Court also has original jurisdiction over this case based on diversity jurisdiction. Such jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. § 1332. Both requirements are met in this case. Plaintiff Zimmerman is a citizen of the state of Texas because he is a resident of Harris County, Texas. *See* **Exhibit C-1, ¶ 2**. Defendant ELSO is a citizen of the state of Oregon.[2] *See* **Exhibit D, ¶¶ 3-4, 7**. Defendant is a not-for-profit corporation under 26 U.S.C. § 501(c)(3) and is organized under the laws of the state of Oregon. *Id*. ¶¶ 3-4, 7. Defendant's headquarters is located in the state of Oregon at 830 NE Holladay St., Ste. 111, Portland, OR 97232.[3] *Id.* ¶ 4, 7. The amount placed in controversy exceeds $75,000 because Plaintiff seeks damages in excess of $250,000. *See* **Exhibit C-1, ¶ 6**; s*ee also* 28 U.S.C. §1446(c)(2). *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)) (observing that in assessing the amount in controversy for diversity jurisdiction purposes, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

7.      Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded. (emphasis added); *see also Weaver v. Metropolitan Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019). Plaintiff admittedly names "Doe 1 through Doe 25…by fictitious names." **Exhibit C-1**, ¶3. Therefore, the Plaintiff's naming of "Does

---

[2] Plaintiff incorrectly identifies ELSO Incorporated as being a Texas corporation. *See* **Exhibit C-1, ¶ 2**. ELSO Incorporated is an Oregon corporation. *See* **Exhibit D**, **¶¶ 2-4, 5, 7**.

[3] The Plaintiff correctly identified Defendant ELSO's headquarters as its principal place of business in Portland, Oregon, but provides its mailing address and not the physical address. *See* **Exhibit C-1**, **¶ 2**.

1 to 25" has no bearing on the analysis of this Court's jurisdiction and should be ignored. The only proper Defendant to be considered for jurisdictional analysis is Defendant ELSO Incorporated.

8. There are no other named parties to the action.

### III. VENUE

9. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 98(b) and 1391(b) for the purpose of removal because the Southern District of Texas, Houston Division includes Harris County, where the state court action is pending.

### IV. TIMELY REMOVAL

10. This Notice of Removal is timely filed within 30 days after the receipt by ELSO of Plaintiff's Petition. *See* **Exhibit D**, ¶5, 6. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading…." (emphasis added). The Fifth Circuit has held, in interpreting § 1446(b), that the federal removal statutes "require that an action be commenced against a defendant before removal, but not that the defendant have been served." *Delgado v. Shell Oil Company*, 231 F.3d 165, 177 (5th Cir. 2000). Plaintiff commenced this action against the Defendant on April 29, 2024.[4] *See*, TEX. R. CIV. P. 22; **Exhibit C-1**. As of the time of this filing, ELSO has not been served with the lawsuit; however, it received a copy of Plaintiff's initial pleading (**Exhibit C-1**) through its counsel on May 3, 2024. **Exhibit D, ¶ 3**. Therefore, ELSO's Notice of Removal is timely.

---

[4] Plaintiff's Original Petition was filed on 4/29/2024 at 10:45 p.m., and was recorded by the District Clerk for Harris County on May 1, 2024 at 12:57 a.m. *See* the certified copy of Plaintiff's Original Petition attached as **Exhibit C-1.**

11.     As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing of Notice of Removal along with a copy of this Notice of Removal will be promptly filed with the clerk of the 113th Judicial District Court of Harris County and served on Plaintiff.  A copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit F**.

12.     Pursuant to Local Rule 81, an Index of Matters Being Filed is attached hereto as **Exhibit A** and a List of Counsel of Record is attached hereto as **Exhibit E**.

## V.     CONCLUSION

WHEREFORE, Defendant ELSO Incorporated respectfully requests the removal of this action from the 113th Judicial District Court of Harris County to the United States District Court for the Southern District of Texas, Houston Division.

Dated: May 7, 2024                                   Respectfully submitted,

*/s/ Luke C. MacDowall*
Luke C. MacDowall (Attorney-in-Charge)
State Bar No. 24104445
Federal I.D. No. 2983511
Aaron Pannell
State Bar No. 24134244
Federal I.D. No. 3690295
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:      713.951.9400
Facsimile:      713.951.9212
LMacDowall@littler.com
APannell@littler.com

**ATTORNEYS FOR
ELSO INCORPORATED**

## **CERTIFICATE OF SERVICE**

I certify that on May 7, 2024, a true and correct copy of the foregoing document was duly served via ECF. A true and correct copy of the foregoing document will be served via certified mail, return receipt requested, in accordance with the rules of civil procedure as follows:

> John L. Pittman III, Esq., LLM
> The Law Offices of John L. Pittman III, APC
> 1450 Market St, Suite 401
> San Diego, California 92101
> Direct: 760-575-4040
> Fax: 877-575-5264
> jlpittmaniii@jp31aw.com
>
> **ATTORNEY FOR PLAINTIFF**

> */s/ Luke C. MacDowall*
> Luke C. MacDowall