Exhibit C

# CIVIL CASE INFORMATION SHEET

5/1/2024 12:57:20 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 87241073
By: LAWSON, CHANDRA K
Filed: 4/29/2024 10:45:35 PM

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____ **COURT** *(FOR CLERK USE...)* 87241073

**STYLED** PRESTON ZIMMERMAN V. ELSO INC

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| **Name:** JOHN L. PITTMAN III | **Email:** INFO@JP3LAW.COM | **Names of parties in case:** |
| **Address:** 925 B STREET, SUITE 504 | **Telephone:** 760-575-4040 | Plaintiff(s)/Petitioner(s): PRESTON ZIMMERMAN |
| **City/State/Zip:** SAN DIEGO, CA 92101 | **Fax:** 877-575-5264 | Defendant(s)/Respondent(s): ELSO INC / DOES 1-20 |
| **Signature:** | **State Bar No:** 24127922 | [Attach additional page as necessary to list all parties] |

**Person or entity completing sheet is:**
- ■ Attorney for Plaintiff/Petitioner
- ☐ *Pro Se* Plaintiff/Petitioner
- ☐ Title IV-D Agency
- ☐ Other: _____

Additional Parties in Child Support Case:

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract: _____

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract: _____

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability: _____
- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: _____
- ☐ Other Injury or Damage: _____

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property: _____

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other: _____

**Employment**
- ☐ Discrimination
- ■ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment: _____

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other: _____

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other: _____

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child: _____

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings
- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ■ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Certified Document Number: 114154806 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 3, 2024

Certified Document Number:        114154806 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: 202427958

*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: Preston E. Zimmerman

*(Print first and last name of the person filing the lawsuit.)*

And

Defendant: ELSO, INC, et al

*(Print first and last name of the person being sued.)*

In the *(check one)*:
- ☑ District Court
- ☐ County Court / County Court at Law
- ☐ Justice Court

Court Number

HARRIS County Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond in Justice Court

## 1. Your Information

My full legal name is: Preston (First) Edmond (Middle) Zimmerman (Last)   My date of birth is: 08/04/1985 *(Month/Day/Year)*

My address is: *(Home)* 10421 Deerwood Rd apt 3203

*(Mailing)*

My phone number: 8329634833   My email:

About my **dependents**: "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | | 89 | moom |
| 2 | | 26 | son |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☐ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☑ I do not receive needs-based public benefits. **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check)*
- ☐ Food stamps/SNAP   ☐ TANF   ☐ Medicaid   ☐ CHIP   ☐ SSI   ☐ WIC   ☐ AABD
- ☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance   ☐ Emergency Assistance
- ☐ Telephone Lifeline   ☐ Community Care via DADS   ☐ LIS in Medicare ("Extra Help")
- ☐ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
- ☐ County Assistance, County Health Care, or General Assistance (GA)
- ☐ Other:

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*

Certified Document Number: 114188432 - Page 1 of 3

**4. What is your monthly income and income sources?**

"I get this monthly income:

$ 0_____ in monthly wages. I work as a N/A_____ for _____.
                                        *Your job title*                    *Your employer*

$ 0_____ in monthly unemployment. I have been unemployed since *(date)* 11/24/2024_____.

$ 0_____ in public benefits per month.

$ 0_____ from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 0_____ from ☐ Retirement/Pension  ☐ Tips, bonuses  ☐ Disability  ☐ Worker's Comp
                 ☐ Social Security  ☐ Military Housing  ☐ Dividends, interest, royalties
                 ☐ Child/spousal support
                 ☐ My spouse's income or income from another member of my household *(If available)*

$ Plasma Donations from other jobs/sources of income. *(Describe)* Selling my plasma for money_____

$ 500_____ is my **total monthly** income.

**5. What is the value of your property?**
"My **property** includes:              **Value***
Cash                                    $ 0
Bank accounts, other financial assets
_____           $ 0
_____           $ 0
_____           $ 0
Vehicles (cars, boats) *(make and year)*
_____           $
_____           $
_____           $
Other property (like jewelry, stocks, land, another house, etc.)
_____           $
_____           $
_____           $
        ***Total* value of property** → $
*The value is the amount the item would sell for less the amount you still owe on it, if anything.*

**6. What are your monthly expenses?**
"My **monthly expenses** are:           **Amount**
Rent/house payments/maintenance         $ 2000
Food and household supplies             $ 120
Utilities and telephone                 $ 250
Clothing and laundry                    $ 28
Medical and dental expenses             $ 0
Insurance (life, health, auto, etc.)    $ 0
School and child care                   $ 0
Transportation, auto repair, gas        $ 150
Child / spousal support                 $ 0
Wages withheld by court order           $ 0
Debt payments paid to: *(List)*
_____           $
_____           $
_____           $
        ***Total* Monthly Expenses** → $ 2548

**7. Are there debts or other facts explaining your financial situation?**
"My **debts** include: *(List debt and amount owed)* _____

_____ "

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")* **Check here if you attach another page.** ☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is Preston E. Zimmerman_____. My date of birth is : 08/04/1985/_____.

My address is 10421 Deerwood Rd apt 3203_____  Houston____  Texas____  77042____  USA____
              *Street*                          *City*       *State*    *Zip Code*  *Country*

*Preston E. Zimmerman*_____ signed on May 1, 2024/____ in _____ County, _____
Preston E. Zimmerman (May 1, 2024 16:30 CDT)
*Signature*                                *Month/Day/Year*      *county name*        *State*

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*                    Page 2 of 2

# tx-pr-pay-112_scot_statement_of_inability_to_pay_court_costs

Final Audit Report                                                        2024-05-01

| | |
|---|---|
| Created: | 2024-05-01 |
| By: | John Pittman III, Esq (info@jp3law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAZBJDlHgaIrM_Sv70flF15m7ARSR_Xb2H |

## "tx-pr-pay-112_scot_statement_of_inability_to_pay_court_costs" History

📄 Web Form created by John Pittman III, Esq (info@jp3law.com)
2024-05-01 - 3:06:17 PM GMT

📄 Web Form filled in by Preston E. Zimmerman (zimmermanpe3@gmail.com)
2024-05-01 - 9:30:05 PM GMT

📧 Email verification link emailed to Preston E. Zimmerman (zimmermanpe3@gmail.com)
2024-05-01 - 9:30:07 PM GMT

📄 Email viewed by Preston E. Zimmerman (zimmermanpe3@gmail.com)
2024-05-01 - 9:30:23 PM GMT

✍️ E-signature verified by Preston E. Zimmerman (zimmermanpe3@gmail.com)
2024-05-01 - 9:30:23 PM GMT

✅ Agreement completed.
2024-05-01 - 9:30:23 PM GMT

Adobe Acrobat Sign



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 3, 2024

Certified Document Number:        114188432 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Exhibit C-1

NO. _____

| | |
|---|---|
| PRESTON ZIMMERMAN, | IN THE DISTRICT COURT |
| PLAINTIFF | FOR HARRIS COUNTY, TEXAS |
| v. | |
| | _____ JUDICIAL DISTRICT |
| ELSO INC, | |
| DOES 1 TO 25, | |
| DEFENDANT | |

## PLAINTIFF'S ORIGINAL PETITION

### I.      INTRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW PRESTON ZIMMERMAN ("Plaintiff") files this Original Petition against ELSO Inc. ("Defendant") and would respectfully show the Court as follows.

### II.      DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190 .3.

### III.      PARTIES

2.  Plaintiff PRESTON ZIMMERMAN is a citizen of Harris County, Texas. At all times material to this lawsuit, Plaintiff was an employee of ELSO INC. Defendant is a Texas corporation currently engaged in and at all times material to this lawsuit was engaged in business in Texas. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's agent, ELSO Inc. 15500 Voss Rd. Suite #252 Sugar Land, TX 77498; headquarter

Certified Document Number: 114154805 - Page 1 of 14

located at ELSO Inc., c/o Black United Fund of Oregon, 2828 NE Alberta St. Portland, OR 97211 or wherever this Defendant and/or registered agent may be found. A citation is requested at this time.

3. Plaintiff does not know the true names and capacities of Defendants sued in this Complaint as Doe 1 through Doe 25, inclusive, and therefore sues these Defendants by fictitious names under Rule 28 of the Texas Rules of Civil Procedure. Plaintiff will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 25, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants named herein as Doe 1 through Doe 25, inclusive, is responsible in some manner for the occurrence, injury, and other damages alleged in this Complaint.

4. Defendant ELSO Inc. will hereinafter be referred to as "ELSO" or "Defendant" for all purposes.

5. Defendant ELSO engages in business in the state within the meaning of the term as defined by § 17.042, Tex. Civ. Prac. & Rem. Code, and whose principal office is located at ELSO Inc. 15500 Voss Rd. Suite #252 Sugar Land, TX 77498; headquarter located at ELSO Inc., c/o Black United Fund of Oregon, 2828 NE Alberta St. Portland, OR 97211.


## IV.    JURISDICTION AND VENUE

6. The plaintiff seeks monetary relief in an amount over $250,000 but not more than $1,000,000 as provided by Tex. R. Civ. P. 47(c). The damages sought are within the jurisdiction of this court.

7. The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, exceeds this Court's minimum jurisdictional requirement.

Certified Document Number: 114154805 - Page 3 of 14

8. The Court has jurisdiction over Defendant, because Defendant purposefully availed itself of the privileges and benefits of conducting business in Texas and maintains is principal office in Texas pursuant to § 17.042, Tex. Civ. Prac. & Rem. Code.

9. Venue is mandatory in Harris County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1), because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## V.    BACKGROUND FACTS

10. Plaintiff was a dedicated and valued employee of ELSO, INC., for a number of years. He was originally contracted as a Lead Educator in May 2016 and was since promoted and matriculated to be a Program Manager.  Throughout his employment, he was subjected to retaliation by the management team, specially by Ms. Sprinavasa Brown, co-founder and supervisor of ELSO Inc. Despite trying repeatedly to address these and other issues to the management team, Plaintiff's complaints were ignored, and the company allowed the retaliatory behavior to continue until his wrongful termination on December 6, 2023.

11. Although the Plaintiff's tenure in ELSO was mostly positive, things started to change in or around 2022 after Mr. Zimmerman complained to Sprinavasa about the allocation of development funds in the company. After the Plaintiff raised these issues, Sprinavasa started to harass him constantly by heavily scrutinizing his work, and outright threatening him with his termination if he did not keep quiet about the things he was reporting.

12. During 2022, Plaintiff worked hard to build several connections with members and leaders of their community to improve and further develop the Defendant's network.

13. Although it was common knowledge inside the company and among the employees that Sprinavasa had a sexual relationship with one of the younger team member.  Complaints of her behavior and exploits were made repeatedly by Plaintiff and other team members.

3

14. During the summer of 2023, the Plaintiff faced a notable escalation in his situation when Sprinavasa unexpectedly introduced her current boyfriend, Kenneth Turner, who has no experience in this industry into the team. Despite lacking training or certifications in this field Kenneth was granted an authoritative position within the team. When the plaintiff raised concerns with Sprinavasa about this decision, she asserted her authority, claiming that as the boss, she could do "whatever she wanted." She insisted that the Plaintiff comply with any requests from Kenneth if he wished to retain his job.

15. The toxic dynamics of the relationship exacerbated the hostile work environment for Plaintiff, particularly due to Kenneth's jealousy regarding the Plaintiff's amicable relationship with Sprinavasa.

16. Kenneth frequently interrogated the Plaintiff about their relationship, delving into details about Sprinavasa's past relationships with team members and often causing a scene whenever he perceived their interactions as overly friendly.

17. The harassment and discrimination against the Plaintiff escalated through various means, up to and including the creation of false records in an effort to defame Plaintiff. Sprinavasa would make frequent remarks indicating that Plaintiff made "mistakes" without providing concrete examples or solutions for improvement. This was done as part of a scheme to create a constructive discharge scheme in retaliation for Plaintiff making such reports against Sprinavasa. At one juncture, Sprinavasa even enlisted her mother, who shared a personal friendship with the Plaintiff, to monitor him, going so far as to record him without his consent or knowledge. Sprinavasa regularly subjected the Plaintiff to harassing, derogatory comments in a retaliatory manner. She would further threaten him by implying how dare he report her, by asserting to him, "I'm the boss, I'm the one in charge, I can't be fired." Additionally, she made discriminatory remarks such as, "This is a woman-led company, never forget that; you men are only useful to lift heavy stuff."

Certified Document Number: 114154805 - Page 4 of 14

18. During the Plaintiff's employment with the Defendant, it was a regular occurrence for Sprinavasa to engage in inappropriate conduct outside of working hours, particularly during social outings which from time to time would include alcohol consumption. Despite the prevalent behavior of the team, Plaintiff abstained from drinking and did not partake in these activities. However, during one such event, Sprinavasa crossed numerous professional and personal boundaries by intruding into the men's restroom of the bar where they were located, while the Plaintiff was actively urinating at the urinal. During this intrusion, Sprinavasa invaded his space and directly accused the Plaintiff of disclosing to her boyfriend, Kenneth, details regarding a previous relationship she had with the other male member of the team.

19. Plaintiff promptly requested Sprinavasa to leave the premises, following which he conveyed to her the seriousness of her actions, emphasizing the invasion of privacy it constituted. Furthermore, Plaintiff clarified that they had no involvement in Sprinavasa's personal relationships, including her relationship with her boyfriend or any other relationships she may have had with fellow team members. He expressed that such drama was a distraction to the workplace in general.

20. Following this incident, the atmosphere in the workplace significantly deteriorated for the Plaintiff. Subsequently, in efforts to retaliate against Plaintiff, Sprinavasa would find any all and everything to be wrong with the way Plaintiff did anything.

21. There were numerous confrontations between Sprinavasa and Kenneth concerning her previous relationship with the team member. These altercations often included vulgar language and insults, occurring in front of the entire team. As a result, the employee involved in the relationship with Sprinavasa was swiftly terminated. Notably, this termination mirrored the termination of the Operational Manager a year prior, who had confronted Sprinavasa on her reckless behavior in various aspects of the company (relationships and

Certified Document Number: 114154805 - Page 5 of 14

finances). Systematically, Sprinavasa began creating fabricated records to create fictitious reasons to terminate that employee.

22. At this point, the Plaintiff became aware that he was being singled out. It became evident that Sprinavasa was intentionally and maliciously fabricating records, manipulating documents, and participating in fraudulent activities to create a deceitful paper trail. This deceptive trail was aimed at concealing her own misdeeds and undermining the Plaintiff's reputation within the company, and the community.

23. In addition to the ongoing harassment and discrimination he faced, Plaintiff started experiencing a series of unfair and humiliating instances of differential treatment. This included the unjust denial of mental healthcare he sought and the refusal to provide accommodations for him to stay during his work at the Beaumont hub. As a result, he was obligated to sleep in his car for four days, during an event.

24. To exacerbate the situation, on November 2, 2023, Plaintiff was involved in a car accident while traveling to the Beaumont hub. During this incident, his vehicle was completely destroyed in a collision with an 18-wheeler. Less than a week after the accident, Sprinavasa confronted the Plaintiff regarding his transportation situation. She even went so far as to directly state to him during a meeting, "what are you gonna do about the car, you need a car" and "I can use this against you, because we put in your work details what you must have, and that is a car."

25. Furthermore, Plaintiff who would regularly for the better part of a year, have his service dogs in his own workspace, Sprinavasa suddenly deprived him of this entitlement, in violation of Americans with Disabilities Act (ADA).

26. As a culmination of these events, the Plaintiff was suddenly terminated from his employment on December 12, 2023. When inquired as to why, he was told because of an accusation of sexual harassment. Inquiring further as to who and when, he was not provided an answer or

6

Certified Document Number: 114154805 - Page 6 of 14

any opportunity for review. Plaintiff inquired about the other employee in the area, and they indicated that '*I don't want anything to do with this, I don't want to lose my job, you know how Sprinavasa can be.*'

27. Unsatisfied with the situation, Sprinavasa took further steps by reaching out to numerous individuals both within and outside the company, including some contacts cultivated by the Plaintiff himself. She openly engaged in defamatory and slanderous behavior against him, actively discouraging said contacts in the community from communicating with Plaintiff.

28. Even further, while counsel was engaging in negotiations to obtain plaintiff's belongings from the employer, and vice versa, it was brought to our attention that Sprinavasa falsely reported to the local police that Plaintiff stole the work items that were in his possession at the time.

## VI. CONDITIONS PRECEDENT

29. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

30. The Charge was filed within 180 days after Plaintiff was terminated.

31. A Right to Sue has been issued on the Charge.

32. Plaintiff has timely exhausted all of his administrative remedies.

## VII. CAUSES OF ACTION

### A. Cause of Action – Gender Discrimination – TCHRA

33. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

34. Defendant discriminated against Plaintiff because of his national origin.

Certified Document Number: 114154805 - Page 7 of 14

35. Defendant's actions violated section 21.051 of the Texas Labor Code and Title VII of the of the Civil Rights Act.

### B. Cause of Action – Wrongful Termination – Gender Discrimination – TCHRA

36. Plaintiff incorporates each of the foregoing paragraphs.

37. Defendant terminated Plaintiff's employment because of his race.

38. Defendant's actions violated section 21.051 of the Texas Labor Code Title VII of the of the Civil Rights Act.

### C. Cause of Action-Discrimination for Disability

39. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

40. Defendant discriminated against Plaintiff on the basis of disability in violation of the Americans with Disabilities Act (ADA) 42 U.S.C. § 12112.

### D. Cause of Action – Intentional Infliction of Emotional Distress

41. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

42. Defendant, through its representatives, engaged in extreme and outrageous conduct by deliberately harassing him, altering his performance goal numbers, denying him medical leave and withholding his rightfully earned percentages of his sales.

43. Defendant's conduct was conducted recklessly and with malice, intending to cause Plaintiff severe emotional distress and harm.

Certified Document Number: 114154805 - Page 8 of 14

44. Defendant's actions violated section 504.019 of the Texas Labor Code and the Texas Common Law principals established by *GTE Southwest Incorporated v. Bruce,* 998 S.W.2d 605 (Tex. 1999).

## E. Cause of Action – Unlawful Retaliation – TCHRA

45. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

46. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

47. In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

48. Defendant's actions violated section 21.055 of the Texas Labor Code.

49. Defendant retaliated against Plaintiff for asserting their rights under the ADA in violation of 42 U.S.C. § 12203.

50. Defendant's conduct and actions discussed above proximately caused injury to Plaintiff, which resulted in the following damages:

   a. Plaintiff has suffered mental anguish, emotional distress, and humiliation as a result of Defendants' conduct, his loss of employment and livelihood.

   b. Plaintiff has suffered and will continue to suffer mental anguish and humiliation as a direct and proximate result of Defendant's outrageous conduct. By engaging in this conduct, Defendants acted with oppression and malice with the purpose and intent of intimidating Plaintiff engaging in an illegal act and/or to prevent him from reporting it.

   c. Plaintiff is, thus, entitled to punitive damages in an amount sufficient to deter Defendants from such wrongful conduct in the future.

## F. Cause of Action – Wrongful Termination

51. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

52. Due to the complaints made to the Defendant, Plaintiff was retaliatorily terminated in violation of Texas Labor Code 21.055.

53. Defendant's conduct and actions discussed above proximately caused injury to Plaintiff, which resulted in the following damages:

   a. Plaintiff was discharged from employment with Defendants, suffering lost pay and benefits in the past, present, and future. Although Plaintiff has diligently sought other employment, he has been unable to find a job with comparable pay and benefits. In addition, Plaintiff has incurred expenses in seeking other employment.

   b. Plaintiff has suffered mental anguish, emotional distress, and humiliation as a result of Defendants' conduct, his loss of employment and livelihood.

   c. Plaintiff has suffered and will continue to suffer mental anguish and humiliation as a direct and proximate result of Defendants' outrageous conduct. By engaging in this conduct, Defendants acted with oppression and malice with the purpose and intent of intimidating Plaintiff engaging in an illegal act and/or to prevent him from reporting it.

   d. Plaintiff is, thus, entitled to punitive damages in an amount sufficient to deter Defendants from such wrongful conduct in the future.

### G. Cause of Action - Defamation

54. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

55. Defendant's agent Sprinavasa made defamatory statements about Plaintiff, by the herein described acts, conspired to, and in fact, did recklessly, and intentionally caused excessive injury to Plaintiff. Plaintiff's reputation in the community was harmed by Defendant's actions.

Certified Document Number: 114154805 - Page 10 of 14

56. A party has committed defamation when they have knowingly published false statements to a known audience, where those statements were harmful and caused injury to Plaintiff.

57. Defendant is responsible for Sprinavasa knowing publishing false statements about Plaintiff to community members. She did so with the sole intention of causing injury to Plaintiff. These acts were done seemingly in the scope of her role within the Defedant Company.

58. Defendant committed the acts alleged in this Complaint maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from defendants in an amount to be proven at trial.

## VIII.  DAMAGES

59. Plaintiff hereby adopts by reference each and every paragraph of the Facts and allegations stated in this Original Petition as if fully and completely set forth herein.

60. Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

61. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

62. Plaintiff seeks all damages available to her under the TCHRA.

63. Defendant's actions also violated section 451.001 of the Texas Labor Code, which entitles Plaintiff to recover reasonable damages incurred by Plaintiff because of the violation.

64. Because Defendant's actions were done with actual malice, Plaintiff is entitled to recover punitive damages from Defendant.

Certified Document Number: 114154805 - Page 11 of 14

65. Defendant's actions also violated section 61.014 of the Texas Labor Code and the Texas Payment of Wages Act., which entitles Plaintiff to recover all owed wages plus reasonable damages incurred by Plaintiff because of the violation.

66. Plaintiff seeks all damages available to her under the Texas Anti-Retaliation Statute.

## IX.     ATTORNEYS' FEES AND COSTS

67. Plaintiff incorporates each of the foregoing paragraphs.

68. Plaintiff retained the services of undersigned counsel to prosecute his claims.

69. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.     INJUNCTIVE AND DECLARATORY RELIEF

70. Plaintiff incorporates each of the foregoing paragraphs.

71. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

72. Prohibiting Defendant from engaging in unlawful discrimination;

73. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

74. Paying court costs;

75. A declaration that Defendant violated Plaintiffs rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor m terminating Plaintiff's employment; and

76. Any additional equitable relief as the Court deems proper.

## XI.     DEMAND FOR PRESERVATION OF EVIDENCE TO DEFENDANT ANDY FRAIN SERVICES INC.

Certified Document Number: 114154805 - Page 12 of 14

77. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the facts and allegations making the basis of this lawsuit, or damages resulting therefrom. Plaintiff's Demand letter to Preservation of Evidence to Defendants is attached to this Petition as Exhibit A. The letter is to provide notice that Defendants must immediately take the necessary steps to issue a litigation hold and preserve all "electronically stored information" ("ESI") and other documents, on whatever storage media, device or location, in their possession or control (including third parties) that contain potential ESI relating to the claims and defenses contained in this Petition, and that Defendants avoid spoliation of this ESI. The letter also includes a demand for Defendants to suspend all document retention or destruction policies, including but not limited to backup, restoration, deletion, destruction, and tape recycling.

## XII. NOTICE PURSUANT TO RULE 193.7

78. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the Texas Rules of Civil Procedure that Plaintiff may utilize as evidence during the trial of this lawsuit all documents exchanged by the parties in written discovery in this case.

## XIII. JURY DEMAND

Plaintiff demands a trial by jury.

## XIV. PRAYER

Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

A. Back pay and front pay (including benefits);

B. Compensatory damages;

C. Punitive damages;

D. Reasonable attorneys' fees and expert fees;

Certified Document Number: 114154805 - Page 13 of 14

E. Injunctive and declaratory relief, including but not limited to, an

Order:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reporting to the Court on the manner of compliance with the terms of a final

    order issued by this Court;

    c. Paying court costs;

    d. A declaration that Defendant violated Plaintiff's rights under Chapter 21 of

    the Texas Labor Code, engaged in unlawful employment discrimination, and

    considered an illegal factor in terminating Plaintiff's employment; and

    e. Any additional equitable relief the Court deems proper;

F. Court costs;

G. Pre-judgment and post-judgment interest at the rate set by law; and

H. All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ John L. Pittman III
John L. Pittman III, Esq., LLM[2]
Texas State Bar No. 24127922
New York State Bar No. 5880646
California State Bar No. PL482988
District of Columbia Bar No. 1742578
**THE LAW OFFICES OF JOHN L. PITTMAN III, APC**
1450 Market St, Suite 401
San Diego, California 92101
Direct: 760-575-4040 - Fax: 877-575-5264
jlpittmaniii@jp3law.com
*COUNSEL FOR PLAINTIFF*
*PRESTON ZIMMERMAN*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 3, 2024

Certified Document Number:        114154805 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**